1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK BACA,

          Plaintiff,

   v.

MARTIN BITER, et al.,

          Defendants.

CASE NO. 1:15-cv-01916-MJS (PC)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**

**(ECF No. 6)**

**FOURTEEN (14) DAY DEADLINE**

     Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

     On June 2, 2016, the Court screened Plaintiff's first civil rights complaint and found that it stated cognizable claims against Does 6 through 20 in their official capacities for implementing a policy denying Plaintiff treatment for his Hepatitis C in violation of the Eighth Amendment.  (ECF Nos. 1 & 6.)  The Court dismissed Plaintiff's remaining claims for failure to state a claim.  Id.  The Court granted Plaintiff thirty days to either file an amended complaint curing the identified deficiencies or file a notice stating he is agreeable to proceeding only on his cognizable claims.  (ECF No. 6).  To date, Plaintiff has done neither, nor has he requested an extension of time.

1    Local Rule 110 provides that "failure of counsel or of a party to comply with these

2    Rules or with any order of the Court may be grounds for imposition by the Court of any

3    and all sanctions . . . within the inherent power of the Court." District courts have the

4    inherent power to control their dockets and "in the exercise of that power, they may

5    impose sanctions including, where appropriate, default or dismissal." Thompson v.

6    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

7    prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure

8    to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

9    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

10   61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

11   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

12   to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

13   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

14   comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

15   (dismissal for lack of prosecution and failure to comply with local rules).

16   In determining whether to dismiss an action for lack of prosecution, failure to obey

17   a court order, or failure to comply with local rules, the Court must consider several

18   factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

19   to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

20   favoring disposition of cases on their merits, and (5) the availability of less drastic

21   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833

22   F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

23   In the instant case, the public's interest in expeditiously resolving this litigation

24   and the Court's interest in managing its docket weigh in favor of dismissal. The third

25   factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

26   presumption of injury arises from the occurrence of unreasonable delay in prosecuting

27   this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

28   public policy favoring disposition of cases on their merits -- is greatly outweighed by the

factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall file either an amended complaint or a notice of willingness to proceed on cognizable claims, or shall show cause as to why this action should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's order (ECF No. 6); and

2. If Plaintiff fails to show cause or file an amended complaint or notice of willingness to proceed on cognizable claims, this action may be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    July 16, 2016                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE