UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA, <br><br> Plaintiff, <br><br> v. <br><br> MARTIN BITER, et al., <br><br> Defendants. | CASE NO. 1:15-cv-01916-LJO-MJS (PC) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM** <br><br> **(ECF No. 13)** <br><br> **ORDER DIRECTING PERSONAL SERVICE OF SUBPOENA DUCES TECUM BY UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS** <br><br> **RESPONSE DUE WITHIN THIRTY DAYS OF SERVICE** |

**I.     Procedural History**

Plaintiff is a state prisoner proceeding in forma pauperis with appointed counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 15, 2016, the Court screened Plaintiff's first amended complaint and found that it stated cognizable claims against Defendant Does 1-3, medical professionals at Kern Valley State Prison ("KVSP"), and Does 4-18, members of the Headquarters Utilization Management

("HUM") Committee employed by the California Department of Corrections and Rehabilitation ("CDCR") for failing to treat Plaintiff's Hepatitis C in violation of the Eighth Amendment. (ECF No. 10.)

The Court opened discovery for the limited purpose of identifying the names of the Doe Defendants. (Id.) Plaintiff was directed to inform the court of the documents which needed to be produced by the CDCR or the prison to identify the Doe Defendants. (Id.)

On March 3, 2017, Plaintiff, through his counsel, filed a motion seeking the issuance of a subpoena duces tecum to Plaintiff's current institution, High Desert State Prison ("HDSP"), for portions of Plaintiff's medical record, and to CDCR for a complete roster of HUM Committee members from January 1, 2010 to January 7, 2015. Plaintiff reports that he requested his complete medical record from HDSP in the hopes of identifying the Doe Defendants responsible for treating Plaintiff's Hepatitis C, but has not received a response.

With regard to Plaintiff's medical records, he specifically seeks any Requests for Services (CDCR Forms 7243) and Physician's Orders (CDCR Forms 7221) with printed names and/or legible signatures of medical professionals involved in Plaintiff's treatment for Hepatitis C. (ECF No. 13 at 1-2.) According to Plaintiff, pursuant to Chapter 8 of the CDCR Guide to Specialty Services for Inmates, these forms should have been signed by Doe Defendants 1-3. (Decl. of W. Schmidt in Supp. of Req. for Subpoena (ECF No. 13-1 ¶ 5.))

With regard to the HUM Committee members, Plaintiff reports that the California Correctional Health Care Services ("CCHCS") Inmate Medical Services Policies and Procedures, Volume 4, Chapter 34.2, lists members of the HUM Committee by position but not by name. According to the manual, the Committee is to be composed of the following professionals: 1) the Assistant Statewide Medical Examiner or designee; 2) the Deputy Medical Executive, Utilization Management, or designee; 3) three physician

1 representatives; and 4) the Executive or Managerial representation from Medical, Nursing, Mental Health, Dental, and Quality Management, if appropriate. The HUM Committee may have been referred to as the Health Care Review Subcommittee ("HCRS") at some point prior to 2015. It operates from the CDCR Headquarters, located at 1515 S Street, Sacramento, California 95811.

On April 14, 2017, Plaintiff, through his counsel, filed an updated declaration reflecting his efforts to obtain the names of the HUM committee members from the CCHCS Public Records Act ("PRA") office. (ECF No. 14.) Plaintiff's counsel was informed that the names of the HUM Committee members were "not releasable under the PRA . . . ." (Response to PRA Request (ECF No. 14-1.))

**II.    Legal Standard**

The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D.Cal.2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D.Cal.2010); Williams v. Adams, 2010 WL 148703, *1 (E.D.Cal.2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Id.

**III.   Discussion**

It appears that the only option for Plaintiff to identify Defendants is to obtain further information by way of subpoena.

Plaintiff is of course entitled to view his own medical records. Nonetheless, HDSP failed to timely respond to counsel's request for these records. For the limited purpose of determining the identities of the Doe Defendants for service, the Court will authorize the subpoena of any and all CDCR Forms 7243 and 7221 in Plaintiff's medical records containing the names of the health care professionals at KVSP responsible for treating or otherwise addressing Plaintiff's Hepatitis C, without prejudice to Plaintiff later seeking his entire medical record in discovery. The Litigation Coordinator or any other appropriate authority within HDSP will therefore be directed to disclose said documents to Plaintiff.

Furthermore, Plaintiff only has access to the positions comprising the HUM Committee, and not the committee members themselves. As Plaintiff can most expeditiously serve a person, rather than a position, he is also entitled to a roster of the members of the HUM Committee. However, since these Defendants are sued in their official capacity only, Plaintiff need only obtain the names of the individuals currently filling the positions listed above.

As Plaintiff is represented by counsel, the Court finds it appropriate that the HUM Committee roster be made available for viewing to Plaintiff's attorney, William L. Schmidt, and his agents <u>only</u>, without prejudice to Plaintiff later seeking the same documents in discovery. Plaintiff's own medical records are not confidential, therefore they should be freely shared with Plaintiff.

**III. Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for subpoena duces tecum is GRANTED consistent with this order:

4

1. The issuance of subpoenas duces tecum directing High Desert State Prison's Litigation Coordinator, or any other appropriate authority, to produce responsive documents to the request as set forth above is hereby authorized;

2. The issuance of subpoenas duces tecum directing the Secretary of the California Department of Corrections and Rehabilitation to produce responsive documents to the request as set forth above is hereby authorized;

3. The Clerk of Court shall forward the following documents to the United States Marshal (USM):

   a. One (1) completed and issued subpoena duces tecum to be served on:
   **High Desert State Prison**
   **Litigation Coordinator**
   **P.O. Box 750 Susanville, CA**
   **Susanville, CA 96127-0750**

   b. One (1) completed and issued subpoena duces tecum to be served on:
   **California Department of Corrections and Rehabilitation**
   **Office of the Secretary**
   **1515 S Street**
   **Sacramento, CA 95811**

   c. Two (2) completed USM-285 forms; and

   d. Three (3) copies of this order, one to accompany each subpoena and one for the USM;

   In completing each subpoena, the Clerk of Court shall list, as described in the order and below, the documents requested:

   - To the Litigation Coordinator at High Desert State Prison: Any and all CDCR Forms 7243 and 7221 in Plaintiff's medical records containing the names of the health care professionals at KVSP responsible for treating or otherwise addressing Plaintiff's Hepatitis C; and

   - To the CDCR Office of the Secretary: The names of the current members of the HUM Committee, including the individuals filling the positions of: 1) the Assistant Statewide Medical Examiner or

5

designee; 2) the Deputy Medical Executive, Utilization Management, or designee; 3) the three physician representatives; and 4) the Executive or Managerial representation from Medical, Nursing, Mental Health, Dental, and Quality Management, if applicable;

4. Within **twenty (20) days** from the date of this order, the USM is DIRECTED to serve the subpoenas in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;

5. The USM shall effect personal service of the subpoena duces tecum, along with a copy of this order, upon the individual/entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §566(c);

6. Within **ten (10) days** after personal service is effected, the USM shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form; and

7. Within **thirty (30) days** after service is effected, the Litigation Coordinator of HDSP and the Secretary of the CDCR are directed to serve the responsive documents on Plaintiff's counsel:
**William L. Schmidt, Esq.**
**P.O. Box 25001**
**Fresno, CA 93729**

IT IS SO ORDERED.

Dated: April 25, 2017       /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE