UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>   Plaintiff,<br><br>   v.<br><br>MARTIN BITER, et al.,<br><br>   Defendants. | **Case No. 1:15-cv-01916-MJS**<br><br>**ORDER GRANTING MOTION FOR SANCTIONS AGAINST CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**<br><br>**(ECF No. 27)** |

Plaintiff is a prisoner proceeding in forma pauperis and with appointed counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. There is not joint consent to magistrate judge jurisdiction.

On November 15, 2016, while Plaintiff was proceeding pro se, the Court screened his first amended complaint ("FAC") and found that it stated cognizable claims against Defendant Does 1-3, medical professionals at Kern Valley State Prison ("KVSP"), and Does 4-18, members of the Headquarters Utilization Management Committee ("HUMC") employed by the California Department of Corrections and Rehabilitation ("CDCR") for failing to treat Plaintiff for diagnosed Hepatitis C virus ("HCV") in violation of the Eighth Amendment. (ECF No. 10.)

The Court opened discovery for the limited purpose of identifying the names of the Doe Defendants. (Id.) Plaintiff was directed to inform the Court of the documents needed from CDCR or the prison to identify the Doe Defendants. (Id.)

On March 3, 2017, Plaintiff, through his newly appointed counsel, filed a request for the issuance of a subpoena duces tecum directed to Plaintiff's current institution, High Desert State Prison ("HDSP"), to produce portions of Plaintiff's medical record, and another to CDCR for a complete roster of HUM Committee members from January 1, 2010 to January 7, 2015. (ECF No. 13.) On April 25, 2017, the Court granted in part Plaintiff's request for the names of the HUMC members, and issued a subpoena for the names of the individuals currently serving on the HUMC since they had been sued in their official capacities. (On April 26, 2017, Plaintiff informed the Court he had received his medical record from HDSP, and so requested that that subpoena be voided. (ECF No. 16.) His latter request was granted. (ECF No. 17.))

On June 12, 2017, the CDCR, as a party in interest, filed a motion to quash the subpoena for the names of the HUMC members. (ECF No. 20.) On September 19, 2017, the Court denied CDCR's motion to quash and directed it to respond as ordered in ECF No. 15 within ten days. (ECF No. 25.)

On October 5, 2017, Plaintiff filed a motion for sanctions against CDCR for failure to comply with the Court's Order directing it to provide the names of the individuals currently serving on the HUMC. (ECF No. 27.) In the motion, Plaintiff's counsel claims that he contacted CDCR's counsel on October 2, 2017, after the deadline for compliance expired, and was told that CDCR would provide the names only in conjunction with a protective order. (ECF No. 27-1 at 1.) There was no such condition in the Court's Orders. (See ECF Nos. 15; 25.) Plaintiff charged the CDCR with deliberately disobeying the Court's Order and asked the Court to hold CDCR in contempt for refusing to comply with its Order. (Id. at 2.) Plaintiff asked that the CDCR be fined daily until it complied; Plaintiff also requested an award of costs and attorney's fees. (Id.)

On October 30, 2017, Plaintiff's counsel filed a declaration stating that promptly after Plaintiff moved for contempt, CDCR did provide a list of the HUMC members. (ECF No. 30.) Plaintiff pursues his claim for attorney fee sanctions. This and a further supplemental declaration (ECF No. 32 ) itemize the time and fees counsel and staff devoted to preparing and filing the motion for contempt. (Id.)

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). Defendant provided no opposition and the time for doing so has expired. The Court reads the failure to oppose as agreement with the motion.

Before the Court then is uncontested evidence that CDCR knowingly and intentionally declined to follow the Court's September 19, 2017 Order requiring production within ten days of the names of HUMC members. That failure justifies the imposition of sanctions and institution of contempt proceedings against CDCR for willful disobedience of a Court Order. However, given that CDCR did ultimately, although belatedly, comply voluntarily with the production order, the Court will not pursue contempt charges or otherwise sanction CDCR beyond what is necessary to compensate Plaintiff for the time and expense incurred in generating CDCR's belated compliance.

Federal Rule of Procedure 37(5)(A) provides that if requested discovery is provided only after a motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

The uncontested evidence before the Court is that Plaintiff's lead attorney William L. Schmidt, reasonably spent 1.2 hours of time addressing Defendant's non-compliance with the Court Order and justifiably bills for his work at the rate of $330 per hour; his

associate Joseph Eisinger devoted 2.75 hours of time at a reasonable rate of $250 per hour, and his legal assistant spent 0.7 hours at a fair rate of $100 per hour. In fairness and equity, and as sanctions for non-compliance with the Court's Order, CDCR shall forthwith reimburse Plaintiff in full for such time and fees, in the total amount of $1153.50.

For the reasons outlined above, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions (ECF No. 27) is GRANTED. CDCR shall, within **fourteen (14) days** of the date of this Order, pay to Plaintiff the sum of **$1153.50** made payable to "William A. Schmidt, Attorney at Law" as sanctions for failure to comply with this Court's Order.

IT IS SO ORDERED.

Dated: October 31, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

4