UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA, | **Case No. 1:15-cv-01916-MJS** |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| MARTIN BITER, et al., | **(ECF No. 35)** |
| Defendants. | |

Plaintiff is a prisoner proceeding in forma pauperis and with appointed counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. There is not joint consent to magistrate judge jurisdiction.

On November 15, 2016, while Plaintiff was proceeding pro se, the Court screened his first amended complaint ("FAC") and found that it stated cognizable claims against Defendant Does 1-3, medical professionals at Kern Valley State Prison ("KVSP"), and Does 4-18, members of the Headquarters Utilization Management Committee ("HUMC") employed by the California Department of Corrections and Rehabilitation ("CDCR") for failing to treat Plaintiff for diagnosed Hepatitis C virus ("HCV") in violation of the Eighth Amendment. (ECF No. 10.)

The Court opened discovery for the limited purpose of identifying the names of the Doe Defendants. (Id.) Plaintiff was directed to inform the Court of the documents needed from CDCR or the prison to identify the Doe Defendants. (Id.)

On March 3, 2017, Plaintiff, through his newly appointed counsel, filed a request for the issuance of a subpoena duces tecum directed to Plaintiff's current institution, High Desert State Prison ("HDSP"), to produce portions of Plaintiff's medical record, and another to CDCR for a complete roster of HUM Committee members from January 1, 2010 to January 7, 2015. (ECF No. 13.) On April 25, 2017, the Court granted in part Plaintiff's request for the names of the HUMC members, and issued a subpoena for the names of the individuals currently serving on the HUMC since they had been sued in their official capacities. (On April 26, 2017, Plaintiff informed the Court he had received his medical record from HDSP, and so requested that that subpoena be voided. (ECF No. 16.) His latter request was granted. (ECF No. 17.))

On June 12, 2017, the CDCR, as a party in interest, filed a motion to quash the subpoena for the names of the HUMC members. (ECF No. 20.) On September 19, 2017, the Court denied CDCR's motion to quash and directed it to respond as ordered in ECF No. 15 within ten days. (ECF No. 25.)

On October 5, 2017, Plaintiff filed a motion for sanctions against CDCR for failure to comply with the Court's Order directing it to provide the names of the individuals currently serving on the HUMC. (ECF No. 27.) In the motion, Plaintiff's counsel claimed that he contacted CDCR's counsel on October 2, 2017, after the deadline for compliance expired, and was told that CDCR would provide the names only in conjunction with a protective order. (ECF No. 27-1 at 1.) There was no such condition in the Court's Orders. (See ECF Nos. 15; 25.) Plaintiff charged the CDCR with deliberately disobeying the Court's Order and asked the Court to hold CDCR in contempt for refusing to comply with its Order. (Id. at 2.) Plaintiff asked that the CDCR be fined daily until it complied; Plaintiff also requested an award of costs and attorney's fees. (Id.)

2

On October 30, 2017, Plaintiff's counsel filed a declaration stating that promptly after Plaintiff moved for contempt, CDCR did provide a list of the HUMC members. (ECF No. 30.) Plaintiff was still pursuing his claim for attorney fee sanctions, however. This and a further supplemental declaration (ECF No. 32) itemized the time devoted and fees incurred by counsel and staff in preparing and filing the motion for contempt. (Id.)

CDCR did not respond to the motion for sanctions and the Court interpreted its non-response as agreement with the motion. Thus, on November 1, 2017, the Court granted Plaintiff's motion and ordered CDCR to Plaintiff the sum of $1153.50 made payable to "William A. Schmidt, Attorney at Law" as sanctions for failure to comply with this Court's Order. (ECF No. 33.)

On November 13, 2017, CDCR moved for reconsideration of the Court Order granting sanctions. (ECF Nos. 35; 36.) In the motion, CDCR claims that on October 2, 2017, it was prepared to provide the names of the HUMC members, but requested a standard protective order that would limit the use of the names to this litigation. When Plaintiff's counsel denied this request, CDCR's counsel brought the issue back to the client for final approval before disclosing the names. According to CDCR, this was planned to occur on October 5, 2017, at which time, the names would be provided to Plaintiff's counsel. Before counsel could get CDCR's approval, however, Plaintiff's counsel filed the motion for sanctions.

Furthermore, after providing the names, counsel mistakenly considered CDCR to have met its obligations with respect to complying with the subpoena and thereafter did not prepare any more filings or briefings in this matter. CDCR asks the Court to excuse counsel's neglect in not preparing a response to the motion for sanctions and to reconsider the Order granting the motion.

For the reasons outlined below, the motion for reconsideration will be denied.

## I. Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

## II. Discussion

CDCR does not present newly discovered evidence, demonstrate clear error by the Court, or cite to an intervening change in the law. CDCR's description of the events in question does not materially differ from the uncontested facts on which the Court issued the sanctions Order. Specifically, CDCR does not contest that on October 2, 2017 -- when its compliance with the discovery order was due -- it unilaterally demanded a protective order that was not a condition imposed by the Court. Upon Plaintiff's refusal to acquiesce to this demand, CDCR did not timely comply with the Court's Order. CDCR's explanation that its counsel needed to confer with the client before producing the names without a protective order is irrelevant. CDCR does not explain why it would wait until the very end of the compliance period to demand a new condition or why this should excuse noncompliance.

"A party seeking reconsideration must show more than a disagreement with the

Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. Westlands Water Dist., 134 F.Supp.2d at 1131 (quoting Bermingham, 820 F. Supp. at 856). CDCR's motion for reconsideration does not alter any of the facts as established in the Order granting sanctions. CDCR admits that it unilaterally added a condition on the day that compliance was due; that plaintiff's counsel rejected this condition; that CDCR withheld the names until after the Court-Ordered date of compliance; that this failure to comply led to plaintiff's counsel filing a motion for sanctions; and that CDCR finally complied after the motion was filed. CDCR's contention that Plaintiff was not prejudiced by the delay is inconsistent with Plaintiff's counsel having justifiably incurred time in filing a motion to compel compliance with the Court order.. Plaintiff's counsel was also facing a Court-ordered deadline at the time -- to file an amended complaint that included the HUMC member Defendants – that was dependent on CDCR compliance.

Federal Rule of Procedure 37(5)(A) provides that if requested discovery is provided only after a motion to compel is filed, "the court **must,** after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added.)

CDCR's explanation of <u>why</u> it failed to comply with the Court's order in a timely manner and its contention that its counsel erred in not responding to the motion for sanctions does not change the facts on which this Court based the Order granting sanctions. Plaintiff's counsel was still prejudiced by CDCR's failure to timely comply. The Court granted the motion which compensates Plaintiff's counsel for the unnecessary expense of having to prepare and file the motion for sanctions. Nothing in CDCR's motion for reconsideration challenges any of these facts. Accordingly, the motion for reconsideration must be denied and the order granting sanctions must stand.

**III. Conclusion**

For the reasons outlined above, IT IS HEREBY ORDERED that CDCR's motion

for reconsideration (ECF No. 35) is DENIED and the hearing CDCR scheduled concerning this motion for December 22, 2017 is cancelled. CDCR may have an additional seven (7) days from the date of this Order to comply with the Order to pay to Plaintiff the sum of $1153.50.

IT IS SO ORDERED.

Dated: November 14, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE