UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN BITER, et al.,<br><br>    Defendants. | No. 1:15-cv-01916-DAD-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. Nos. 72, 82, 84, 94, 98) |

Plaintiff is a state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 24, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motions to dismiss plaintiff's claims be denied. (Doc. No. 98.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen days after service. (*Id.* at 15.) Defendant Akanno and defendant Schaeffer separately filed objections, (Doc. Nos. 101, 102), and plaintiff filed a response to their objections (Doc. No. 106). Although the assigned magistrate judge granted an extension of time in which to file objections (Doc. No. 103), no other defendant has filed objections, and the time in which to do so has now passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, defendants Akanno and Schaefer argue that they "cannot be held constitutionally liable for failing to prescribe Plaintiff DAAs [direct–acting antiviral treatment for Hepatitis C] because Plaintiff admits he did not qualify for that treatment under the CDCR treatment guidelines." (Doc. No. 101 at 3; Doc. No. 102 at 5.) The court finds this argument unpersuasive because, as noted by the assigned magistrate judge, "[d]efendants cite no authority for the proposition that 'following policy' is an absolute defense to a deliberate indifference claim." (Doc. No. 98 at 10.)

Defendant Akanno also argues that he did not have the requisite state of mind sufficient to support a cognizable deliberate indifference claim under the Eighth Amendment. (Doc. No. 101 at 4.) Specifically, defendant Akanno argues that he could not have been deliberately indifferent to plaintiff's serious medical needs because he was monitoring plaintiff's "progress" and providing some treatment. (Doc. No. 101, at 4.) This contention is also unpersuasive. Even if defendant Akanno was providing some medical treatment to plaintiff, such treatment would not preclude a finding of deliberate indifference with regard to plaintiff's Hepatitis C Virus ("HCV").

Defendant Schaefer also argues that he did not have the requisite state of mind sufficient to state a cognizable deliberate indifference claim under the Eighth Amendment. (Doc. No. 102 at 6.) He states that "[p]laintiff has failed to set forth factual allegations enough to raise a right to relief and only speculates that Defendant Schaefer was aware of his HCV and speculates that Defendant failed to order treatment for same."[1] (Doc. No. 102 at 4.) However, in plaintiff's third amended complaint he alleges that he directly requested treatment with direct-acting antiviral ("DAA") from defendant Schaefer, and "[d]espite [defendant Schaefer's] personal

---

[1] In particular, defendant Schaefer takes issue with plaintiff's allegation that "*he is informed and believes* that Dr. Schaeffer was aware that Plaintiff had HCV but chose not to order treatment for him." (Doc. No. 102 at 4, 5.)

2

knowledge of [plaintiff's] symptoms and ongoing suffering, and the existence of overwhelmingly effective treatments now available, [defendant Schaefer] ha[s] continued to deny [plaintiff] treatment." (Doc. No. 29 ("TAC") at ¶ 34.) At this stage in the proceedings, these allegations are sufficient to allege the requisite level of knowledge of plaintiff's condition by defendant.

Both defendants also repeat their contentions that they are entitled to qualified immunity. (Doc. No. 101 at 5–7; Doc. No. 102 at 7–9.) The court will discuss each argument in turn. First, defendants argue that "the Magistrate Judge's definition of 'clearly established law' with a higher level of generality is what the Supreme Court has warned cannot be done when engaging in a qualified immunity analysis." (Doc. No. 101 at 5.) However, the magistrate judge framed the qualified immunity question with language nearly identical to what the Ninth Circuit used in a recent, analogous deliberate indifference case, in which that court indicated that the level of generality employed was appropriate. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (asking whether it was "'beyond debate' that the prison officials pursued a medically unreasonable course of treatment by declining to refer [plaintiff] for a surgical evaluation").

Second, defendants argue that they are entitled to qualified immunity because DAAs were not recognized as the appropriate medical standard of care until 2016 and defendants treated plaintiff in 2014 and 2015. Thus, according to defendants, it was not "beyond debate" that their alleged decision not to provide plaintiff with DAAs was unconstitutional at the time of their alleged failure to act. (Doc. No. 101 at 6; Doc. No. 102 at 8.) However, having examined the TAC, the court finds that the question of when plaintiff's course of treatment became "medically unreasonable" is a question that cannot be determined without a more developed factual record. The claim is sufficiently alleged to survive a motion to dismiss and this issue is therefore more appropriately addressed by way of motion for summary judgment. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) ("Our denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial" because "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.") (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)).

/////

Third, defendants argue that they are deserving of dismissal on qualified immunity grounds because they should be "entitled to rely on the assumption that regulations are drafted in compliance with constitutional standards." (Doc. No. 101 at 6; Doc. No. 102 at 8-9.) Defendants rightly note that "the existence of a statute or ordinance authorizing particular conduct is a factor which militates in favor of the conclusion that a reasonable official would find that conduct constitutional." *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994). However, "[w]here a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer who enforces that statute is not entitled to qualified immunity." *Id.* Here, construing the allegations of the operative complaint in the light most favorable to plaintiff, defendants' failure to treat him was "patently violative of fundamental constitutional principles." Therefore, defendants Akanno and Schaefer are not entitled to dismissal on qualified immunity grounds.

For these reasons,

1. The findings and recommendations issued on January 24, 2019 (Doc. No. 98) are adopted in full; and
2. Defendants' motions to dismiss (Doc. Nos. 72, 82) are denied.

IT IS SO ORDERED.

Dated: __**March 25, 2019**__           _Dale A. Drozd_
                                                              UNITED STATES DISTRICT JUDGE