UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>   Plaintiff,<br><br>   v.<br><br>MARTIN BITER, *et al.*,<br><br>   Defendants. | Case No. 1:15-cv-01916-DAD-JDP<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>Date: **January 17, 2020**<br>Time: **9:30 a.m.**<br>Place: **Courtroom 9 (SAB)**<br>**Before the Honorable Stanley A. Boone** |

Frank Baca ("Plaintiff") is a state prisoner proceeding through counsel with this civil rights action pursuant to 42 U.S.C. §1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9 on **January 17, 2020 at 9:30 a.m.** The Court will issue the necessary transportation order in due course.

The court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligations, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Stanley A. Boone on **January 17, 2020, at 9:30 a.m.** at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendant's behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.

4. Each party shall provide a confidential settlement statement no later than January 10, 2020 to the following email address: **saborders@caed.uscourts.gov**. Parties shall also file a Notice of Submission of Confidential Settlement Statement. See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length,

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("[T]he district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Id. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.
b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
f. <u>If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) is applicable.</u>

IT IS SO ORDERED.

Dated: December 11, 2019

_____
UNITED STATES MAGISTRATE JUDGE