# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>        Plaintiff,<br><br>    v.<br><br>LARRY DILEO, et al.,<br><br>        Defendants. | Case No. 1:15-cv-01916-DAD-JDP (PC)<br><br>ORDER REQUIRING DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO PARTICIPATE IN SCHEDULING SETTLEMENT CONFERENCE IN GOOD FAITH<br><br>FOURTEEN DAY DEADLINE |

## I.

## RELEVANT BACKGROUND

Frank Baca, proceeding *pro se* and *in forma pauperis*, filed this action on December 28, 2015. (ECF No. 1.) Plaintiff's first amended complaint was screened and found to state a cognizable claim against three unnamed defendants. (ECF No. 10.) On February 7, 2017, William Schmidt was selected from the court's pro bono panel and was appointed to represent Plaintiff in this matter and amended complaints were filed. (ECF No. 12.) Currently, this matter is proceeding on the third amended complaint against Defendants J. Bal, M. Boparai, L. Carmichael, J. Carrick, L. DiLeo, E. Dos Santos, R. Kanan, D. Ralston, G. Song, S. Tharratt, A. Vasudeva, Jonathan Akanno and F. Igbinosa[1] for deliberate indifference for failing to treat

---
[1] Pursuant to stipulation of the parties, Defendants Schaeffer and Bzoskie, have been dismissed from this action. (ECF Nos. 129, 137.)

1

Plaintiff's Hepatits C virus in violation of the Eighth Amendment.[2]  (ECF Nos. 29, 40.)

As relevant here, on December 12, 2019, at the request of the parties, this matter was set for a settlement conference before the undersigned.  (ECF No. 141.)  Pursuant to the December 12, 2019 order, the parties were to submit confidential settlement statements by January 10, 2020.  Settlement statements were submitted on January 8, 2020, January 9, 2010, and January 10, 2020.  (ECF Nos. 143, 144, 145.)

On January 15, 2020, the court received a telephone call and a follow up email[3] from counsel requesting that the settlement conference be vacated.  An informal teleconference was held on January 16, 2020 to address the issue.  Counsel William Schmidt and Jeffrey Eisenger appeared for Plaintiff.  Counsel Jonathan Paul appeared for Defendants J. Bal, M. Boparai, L. Carmichael, J. Carrick, L. DiLeo, E. Dos Santos, R. Kanan, D. Ralston, G. Song, S. Tharratt, and A. Vasudeva.  Counsel Elizabeth Frater appeared for Defendants Akanno and Igbinosa.

///

///

---

[2] Although not named as a party in this action, the Court is aware that CDCR will indemnify the defendants in this action.

[3] The email stated:

**Subject:** Baca v. Biter 1:15-cv-01916-MJS (PC) - Settlement Conference

Ms. Hernandez:

This email is a follow up to my earlier telephone call regarding the settlement conference set for this Friday in the aforementioned case.

Please be advised that I have now met and conferred with all counsel in this matter and all agree that the settlement conference scheduled for his Friday should not go forward at this time.

As I indicated in my phone call, the staff counsel assigned from the California Department of Corrections had to take an emergency leave of absence this past weekend and the matter was reassigned to another replacement counsel.  I have been informed by the replacement counsel that it is CDCR's position that the department will only be offering a waiver of costs at the settlement conference.  Given the foregoing, all counsel agree that it would serve no purpose to move forward with the scheduled conference in light of the foregoing position.

Plaintiff's counsel, Mr. Schmidt has indicated that he objects to CDCR's position and handling of this matter, but agrees that it would serve no purpose for the conference to go forward in light of the foregoing circumstances.

Can you please advise as to whether the parties my take the conference off calendar at this time?

## II.

## DISCUSSION

During the conference call, the parties confirmed that the settlement conference in this matter had been set at their request. After counsel for this action went on emergency leave this weekend, current counsel was informed by the California Department of Corrections and Rehabilitation ("CDCR") that it would only be offering a waiver of costs in settlement of this action. At that time, the parties found that it would be futile to hold the settlement conference and reached out to the court about vacating the scheduling conference.

The Court expects that, where the parties have requested a settlement conference, they intend to engage in good faith negotiations to settle the matter. Although Plaintiff submitted a settlement offer to the defendants, there was no counter offer made. Further, it is apparent from the record that CDCR had decided that they would not be offering any amount in settlement of this action prior to the confidential settlement statements being due. While Defendants requested that Plaintiff participate in the settlement conference, he was not informed that there would be no offer other than a waiver of costs to settle the action until a few days prior to the settlement conference. By that time, Plaintiff's counsel had expended time on preparing the settlement statement and Plaintiff had been transferred to a facility closer to the courthouse so he could attend the conference.

Initially, the Court notes that Defendants were not required to participate in a settlement conference nor were they required to offer any amount in settlement of this action. The Court does not intend to indicate that a waiver of costs would be an inappropriate offer, but it does find Defendant's conduct in this action concerning for reasons discussed below. This matter has been proceeding since December 2015. (ECF No. 1.) The defendants filed motions to dismiss that were denied (ECF No. 109) and there are currently pending motions for summary judgment (ECF No. 127, 130). Defendants may take the position that there is no merit to Plaintiff's claims and he is unlikely to prevail at trial, however they were the parties that requested the settlement conference. By having the Court set a settlement conference, Defendants caused Plaintiff's counsel to expend time preparing his confidential settlement statement and for the settlement

conference with the knowledge that they were not going to offer anything in settlement and that this matter was unlikely to settle. Further, this Court has on two prior occasions conducted settlement conferences during which the CDCR only offered a waiver of costs.

By moving forward with the settlement conference with knowledge that there would be no settlement offer, Defendants caused Plaintiff to be transferred from Sierra Conservation Camp where he was housed to Valley State Prison. The Court is not unaware of the disruption faced by inmates when they are transferred to a new location, such as deprivation of their property and loss of jobs and privileges at their previous facility even if they return. Causing such disruption where it is apparent that settlement is futile is concerning because such action could be used for the purpose of coercing the inmate to cease pursing his constitutional claims for fear of being moved to different prisons in retaliation for filing lawsuits.

Additionally, this Court spends considerable time preparing for settlement conferences so as to make it meaningful to the parties and results in a greater likelihood of settlement success. Settlement is extremely important in this district where the judges have one of the highest caseloads per judge in the United States. The Court set asides time to conduct the conference. Two other litigants requested to set matters during this time period and their requests were denied so that the Court's full attention could be directed to settling this matter. This Court conducts a large number of settlements for criminal and civil duty matters, which include time conducting jury trial. The Court's available time is limited but the Court desires to see that parties get their claim/defenses adjudicated as quickly as possible. In fact on this date, the Court was also hearing its criminal duty matters.

Finally, while the Court appreciates that current counsel notified Plaintiff and the Court that no offer would be forthcoming and the settlement conference should be vacated, Defendants were aware prior to submitting the confidential settlement statement that no offer would be forthcoming in settlement. Once Defendants decided that no monetary offer would be made to settle this matter and it was unlikely that this case would settle, Plaintiff's counsel and the Court should have been timely notified rather than allowing Plaintiff's counsel to incur costs of preparing the settlement statement and having Plaintiff moved to a different prison to attend the

conference.

Rule 16 of the Federal Rules of Civil Procedure gives the Court the authority to issue pretrial scheduling orders in civil cases, including orders to facilitate settlement of the case. Fed. R. Civ. P. 16(a)(5). Rule 16(f) provides a mechanism to enforce compliance with the rule. Rule 16 provides that the court may issue any just order, including sanctions under Rule 37, if a party or its attorney is "substantially unprepared to participate--or does not participate in good faith. . . ." Fed. R. Civ. P. 16(f)(1)(B); see Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) ("Rule 16 authorizes courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith."); Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 483 (D. Ariz. 2003), amended on reconsideration in part sub nom. Pitman v. Brinker Int'l, No. CV02-1886PHX DGC, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003). Courts have not developed clear standards for evaluating good-faith in court-ordered settlement, but "good faith" has been interpreted "narrowly to require compliance with orders to attend mediation, provide pre-mediation memoranda, and, in some cases, produce organizational representatives with sufficient settlement authority." In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 381 (S.D.N.Y. 2011) (citations omitted).

In addition to or instead of sanctions, the court must order a party, its attorney or both to pay reasonable expenses incurred due to non-compliance with Rule 16, unless the noncompliance was substantially justified or other circumstances make the award unjust. Fed. R. Civ. P. 16(f)(2). Rule 16 does not limit the authority of the court in pretrial proceedings but enhances the district court's inherent power to actively manage their dockets. G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 652 (7th Cir. 1989). Further, the Court has inherent power to issue sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

It appears to the Court that CDCR failed to act in good faith in this matter by leading Plaintiff to believe that a settlement was possible and causing him to incur unnecessary costs and inconvenience. To be clear, the Court does not find that Defendants were required to participate

in the settlement conference or make a settlement offer in this action; they had the right to adopt a "no pay" position and to choose to proceed to trial in this matter. In re A.T. Reynolds & Sons, Inc., 452 B.R. at 382 (citing Negron v. Woodhull Hosp., 173 Fed.App'x. 77, 79 (2d Cir. 2006)). "It is well-settled that a court cannot force a party to settle, nor may it invoke 'pressure tactics' designed to coerce a settlement." In re A.T. Reynolds & Sons, Inc., 452 B.R. at 382; see also Newton, 918 F.2d at 1126 ("pressure tactics to coerce settlement simply are not permissible").

Here, the issue is that Defendants requested the settlement conference and caused Plaintiff to incur costs, expenses, and inconvenience in preparation for the settlement conference knowing that no settlement offer would be forthcoming and it was unlikely that the matter would settle. It is this conduct that the Court finds to be concerning. See Francis v. Women's Obstetrics & Gynecology Grp., P.C., 144 F.R.D. 646, 648 (W.D.N.Y. 1992) (finding party acted in bad faith by failing to inform plaintiffs before the settlement conference that the insurance carrier had not yet authorized coverage); Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1335 (5th Cir. 1996) (affirming bad faith finding where defendant concealed its true position that it never intended to settle the case).

"The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer." Pitman, 216 F.R.D. at 485. Where as here, the defendants offer nothing in settlement and are seeking to have the court act as an advocate by convincing Plaintiff that his suit had no merit and convince him to settle for only a waiver of costs, it places the judge in an ethical dilemma. The magistrate judge is not an advocate for the party in the settlement process. For settlement to be possible, "it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case." Id. The Court does not advocate for a particular party, but seeks to help the parties come to a resolution agreeable to all parties. While the Court may comment on the strengths or weaknesses of the party's case, it will not act as an advocate for one side by taking a position on the ultimate merits of the action to convince the other party to accept nothing in settlement.

# III.
# ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Within **fourteen (14) days** of the date of entry of this order, Defendants SHALL SHOW CAUSE IN WRITING why sanctions should not issue requiring payment of Plaintiff's attorney fees incurred in preparing for settlement of this action.

2. Counsel for the California Department of Corrections and Rehabilitation may make a special appearance for the purposes of responding to the order to show cause.

3. The Clerk of the Court shall serve a copy of this order on Jennifer Neill, Office of Legal Affairs, P.O. Box 942883, Sacramento, California 94283-0001.

IT IS SO ORDERED.

Dated: __**January 21, 2020**__

UNITED STATES MAGISTRATE JUDGE