UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN BITER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:15-cv-01916-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT DILEO'S AND DEFENDANT AKANNO'S MOTIONS FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 127, 130 |

Plaintiff Frank Baca is a state prisoner proceeding with appointed counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that prison officials failed to treat his Hepatitis C Virus and related conditions in violation of the Eighth Amendment. *See* ECF No. 29. On July 12, 2019, defendant Dileo moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies. ECF No. 127. On July 19, 2019, defendant Akanno moved for the same relief. ECF No. 130. Both defendants concede that plaintiff pursued a 2015 grievance through the entire administrative process, but argue that the 2015 grievance process failed to exhaust plaintiff's remedies against defendants Akanno and Dileo specifically. Both defendants point out that they were not named in the 2015 grievance; defendant Akanno also argues that he did not begin treating plaintiff until after the 2015 grievance was filed. *See* ECF No. 127-1 at 6; ECF No. 130 at 9. Plaintiff opposed both motions on August 1, *see* ECF

1

Nos. 132 and 133, and both defendants replied on August 8, *see* ECF Nos. 135 and 136.

We recommend that the court deny both motions for summary judgment. The Ninth Circuit's opinion in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), is squarely on point. The fact that plaintiff did not name specific defendants in his grievance, thus violating a procedural rule, does not contravene the exhaustion requirement because the prison had notice of the issue and decided the grievance on the merits. *See id*. at 657.

The Prison Litigation Reform Act ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that exhaustion "demands compliance critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Here, the administrative process of the California Department of Corrections and Rehabilitation provides the relevant administrative process that must be exhausted. Those regulations require, among other things, that the inmate's grievance "shall list all staff member(s) involved and shall describe their involvement in the issue." Cal. Code Regs. tit 15, § 3084.2(a)(3). The regulations further require that the inmate "shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal." *Id*.

Baca's grievance did not comply with this rule, but prison officials nonetheless considered its merits. Indeed, Baca's 2015 grievance did not just fail to list defendants Akanno and Dileo; it failed to "list" any defendants, much less give titles and describe involvement. *See* ECF No. 127-4 at 17. The grievance does reference a single visit to an unnamed doctor on February 25, 2015, but it is otherwise much more general: Baca complains of a longstanding and ongoing "SERIOUS VIRAL INFECTION" for which he requests "IMMEDIATE MEDICAL TREATMENT. *Id*. The prison processed the complaint, and the final level of administrative review noted simply (and accurately) that Baca was requesting "[i]mmediate medical treatment for [his] hepatitis C virus." *Id*. at 24. The Ninth Circuit (and at least seven other circuits) have

held that "the PLRA exhaustion requirement is satisfied if prison officials decide a potentially procedurally flawed grievance on the merits." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016). This is so, the court reasoned, because "[w]hen prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed." *Id*. at 658. Here, as in *Reyes*, "defendants cannot argue that prison officials were unaware of the involvement of physicians" who were not named in the grievance. *Reyes*, 810 F.3d at 659. Baca was complaining of an ongoing condition, filed a general grievance, and prison officials decided it on the merits.

The fact that Baca was complaining of an ongoing condition is also why defendant Akanno's separate argument—that he did not begin treating plaintiff until shortly after the 2015 grievance was filed—does not succeed. Inmates "are not required to file and exhaust a separate grievance each time they allegedly receive inadequate medical care for an ongoing condition." *Lewis v. Naku*, No. CIV S-07-0090-RRB-DAD, 2007 WL 3046013, at *5 (E.D. Cal. Oct. 18, 2007); *see also Millner v. DiLeo*, No. 1:17-cv-00507-LJO-SAB, 2019 WL 316827, at *7 (E.D. Cal. Jan. 24, 2019) (same); *see also Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim.").

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a summary judgment motion for failure to exhaust, the defendant has the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Because the court is persuaded that defendants have not carried their burden, summary judgment in their favor is inappropriate.

3

**FINDINGS AND RECOMMENDATIONS**

We recommend that:

1. Defendants' motions for summary judgment for failure to exhaust administrative remedies, ECF Nos. 127 and 130, should be denied.

2. The case should be referred back for further proceedings.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  February 27, 2020  
_____  
UNITED STATES MAGISTRATE JUDGE

No. 205.

4