UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN BITER, et al.,<br><br>  Defendants. | No. 1:15-cv-01916-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 127, 130, 156) |

Plaintiff Frank Baca is a state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on plaintiff's claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment based on his allegations that the defendant prison officials failed to treat his Hepatitis C Virus and related medical conditions. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 12, 2019, Defendant Dileo moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies by not naming Dr. Dileo in his inmate health care appeal. (Doc. No. 127.) On July 19, 2019, Defendant Akanno also moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies by not naming Dr. Akanno in his inmate heath care appeal. (Doc. No. 130.)

/////

On February 27, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions for summary judgment be denied. (Doc. No. 156.) The findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within fourteen days after service. (*Id.* at 4.) On March 12, 2020, Defendant Akanno filed his objections to the pending findings and recommendations and on March 18, 2020, Defendant Dileo filed his objections. (Doc. Nos. 159 and 165.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

The pending findings and recommendations rely on the Ninth Circuit's opinion in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016) in recommending that defendants' motions be denied even though plaintiff violated a procedural rule established by state regulation by not naming them in his inmate grievance, because prison officials had notice of the issue being presented by plaintiff in his inmate grievance and denied that grievance on its merits. (Doc. No. 156 at 2–3.)

In *Reyes,* the prisoner plaintiff filed an inmate grievance complaining of changes to his pain medication regimen. *Id.* at 655-56. After exhausting his available administrative remedies by proceeding through California's three-level inmate grievance appeal process, the plaintiff filed a § 1983 action naming a number of prison officials as defendants, including two doctors not previously named in his inmate grievance. *Id.* at 656. The Ninth Circuit, reversing the district court's order dismissing plaintiff's claims against the two doctors, explained as follows:

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the "critical procedural rules" of that process. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of

> proper exhaustion." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).
>
> The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level. Cal. Code Regs. tit. 15, § 3084.1(b) (2011); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). It is uncontested that Reyes obtained a decision at all three levels. The issue is whether he nevertheless failed to exhaust administrative remedies because his grievance did not name all staff members involved in his case. *See* Cal. Code Regs. tit. 15, § 3084.2(a) (2015).
>
> * * *
>
> When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed. Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration. Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.
>
> * * *
>
> [A] prisoner exhausts "such administrative remedies as are available," 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process.

*Id.* at 657-58. Because prison officials reviewed and decided plaintiff's inmate grievance at every level of the administrative process on the merits, the Ninth Circuit held in *Reyes* that the plaintiff had adequately exhausted all of his administrative remedies prior to bringing suit as required under the PLRA, even though his inmate grievance did not name all prison staff members involved in his case. *Id.*

In their objections to the pending findings and recommendations, defendants largely reiterate the arguments that they raised in their motions for summary judgment and in their replies to plaintiff's oppositions—arguments that were already addressed by the findings and recommendations. Defendants assert that *Reyes* is not applicable. (Doc. Nos. 159 at 2; 165 at 4.) But the cases they cite to support their arguments in this regard are unavailing because the circumstances that make those cases distinguishable from *Reyes* are not present here. For

3

example, defendant Akanno cites *Bruister v. Asuncion*, No. 2:17-cv-05106-PSG-RAO, 2019 WL 1744215, at *6 (C.D. Cal. Mar. 6, 2019), *report and recommendation adopted*, No. 2:17-cv-05106-PSG-RAO, 2019 WL 6655388 (C.D. Cal. Sept. 10, 2019), in which the plaintiff's inmate grievance named three specific correctional officers involved in an excessive force incident, and plaintiff brought a civil rights action not only against those three officers but also against other officers who he had not named in his inmate grievance. The court found that the plaintiff had not exhausted his administrative remedies against the officers not named in his grievance because it did "not appear that prison officials ignored Plaintiff's violation of this procedural rule as there is nothing in Plaintiff's grievance to alert the prison that he was complaining about any unnamed officers" and "the appeals examiners did not reference these [other] Defendants or consider any excessive force claims against any unnamed officers in their decisions." *Id.* In contrast to *Bruister*, and as stated in the pending findings and recommendations, here, plaintiff's inmate grievance "did not just fail to list defendants Akanno and Dileo; it failed to 'list' any defendants, much less give titles and describe involvement." (Doc. No. 156 at 2.) Nevertheless, prison officials processed plaintiff's grievance through all levels and prison officials decided plaintiff's appeal on its merits. (*Id.*)

Defendant Akanno also argues that plaintiff could not possibly exhaust administrative remedies against him because he was not involved in plaintiff's medical care until after plaintiff filed his inmate grievance. The court is not persuaded by this argument because, unlike the officers in *Bruister*, here the decision at the third-level of review (the "director's level decision") specifically references plaintiff's medical visits on May 28, 2015 and June 15, 2015, when plaintiff was seen by defendant Akanno. (*See* Doc. Nos. 127-4 at 24; 130 at 5, 9.)

The undersigned agrees with the magistrate judge's determination that *Reyes* is squarely on point and finds no error with the analysis set forth in the pending findings and recommendations. (Doc. No. 156 at 2.) Moreover, defendants' objections provide no basis upon which to reject the pending findings and recommendations.

/////

/////

4

Accordingly,

1. The finding and recommendations issued on February 27, 2020 (Doc. No. 156) are adopted in full;
2. Defendants' motions for summary judgment due to plaintiff's failure to exhaust his administrative remedies (Doc. Nos. 127, 130) are denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **March 23, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE