UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BACA,<br><br>   Plaintiff,<br><br>   v.<br><br>MARTIN BITER, ET. AL.,<br><br>   Defendants. | Case No.   1:15cv1916-DAD-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO DEFER RULING ON THE DEFENDANTS' RESPECTIVE SUMMARY JUDGMENT MOTIONS[1] (Doc. No. 186)<br><br>DEFENDANTS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT BE DEFERRED (Doc. Nos. 169, 170)<br><br>OBJECTIONS WITHIN FOURTEEN DAYS |

Pending before the Court are motions for summary judgment filed on behalf of Defendants Dr. Jonathan Akanno and Dr. F. Igbinosa (Doc. No. 169) and on behalf of J. Bal, M. Bparai, L. Carmichael, J. Carick, Larry Dielo, E. Dos Santos, R. Kanan, D. Ralston, G. Song, S. Tharratt, A Vasudeva. (Doc. No. 170). Plaintiff filed a response to the defendants' respective motions for summary judgment seeking deferral or denial of defendants' respective motions under Rule 56(d) of the Federal Rules of Civil Procedure and Local Rule 260(b). (Doc. No. 186).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

1

For the reasons set forth below, the undersigned recommends the court grant plaintiff's motion and defer ruling on the pending motions for summary judgment.

## I. FACTS AND BACKGROUND

Plaintiff, a prisoner incarcerated in the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a 42 U.S.C. § 1983 Civil Rights Complaint on December 28, 2015.  (Doc. No. 1).  On February 7, 2017, the court appointed counsel for plaintiff.  (Doc. No. 12).  Plaintiff is proceeding on his Third Amended Complaint, which alleges Eighth and Fourteenth Amendment violations stemming from defendants' alleged failure to timely provide medical treatment for plaintiff's Hepatitis-C virus.  (Doc. No. 29).  More specifically, plaintiff specifies that he incurred damages due to the delay in treatment caused by: (1) the refusal of individual doctors at CDCR to properly treat him and (2) CDCR practices and policies that intentionally and knowingly denied him necessary treatment.  (Doc. No. 29 at 1).  As relief, plaintiff sought declaratory and injunctive relief, along with general, specific, and punitive damages.  (*Id.* at 11-12).  In 2019, during the pendency of this case, plaintiff received medical treatment for his Hepatitis-C virus and is now cured.  The parties concede plaintiff's request for injunctive relief is now moot and only his claim for damages remain.  (*See* Doc. Nos. 169-1 at 7; Doc. 172 at 2; and Doc. No. 179 at 2).

Following the filing of defendants' respective summary judgment motions on May 21, 2020, the parties jointly stipulated to continue the hearing date for the summary judgment motions on the basis that Dr. Akanno's deposition was essential for plaintiff to be able to respond to defendants' respective motions. (Doc. No. 172 at 2).  Indeed, all counsel concurred "that it would be inequitable to compel the plaintiff to respond to the motions without the deposition testimony of Dr. Akanno."  (*Id*. at ¶ 3).  On October 7, 2020, the court ordered the parties to file a joint statement concerning the motions for summary judgment.  (Doc. No. 178).  In the joint statement, plaintiff again stated that Dr. Akanno's deposition was "of vital importance" and reiterated that it would be "inappropriate to proceed with the dispositive motions" until Dr. Akanno's deposition could take place.  (Doc. No. 179 at 2).   Defendants responded that they

have no opposition to plaintiff taking Dr. Akanno's deposition but opposed any "further delay on the dipositive motion scheduling." (*Id.*).

On February 12, 2020, the court held a hearing in this matter concerning the pending motions.[2] (Doc. No. 185). Plaintiff's counsel expressed his frustration that despite taking depositions of CDCR's officials identified by defendants as having knowledge of who was involved in developing the policies and practices regarding treatment of Hepatitis C, the depositions failed to identify said individuals with such knowledge. Plaintiff's counsel reiterated that Dr. Akanno, who treated plaintiff, would be in position to identify the names of these individuals. At the hearing, the court extended the time for plaintiff to respond to the defendants' respective summary judgment motions. On March 12, 2021, plaintiff filed the instant motion, seeking deferral or denial of defendants' respective motions under Fed. R. Civ. P. 56(d) and Local Rule 260(b). Consistent with past pleadings and his representations before this court, plaintiff attests that he requires the deposition of Dr. Akanno before he can properly respond to the defendants' respective motions for summary judgment. (Doc. No. 186 at 2). Plaintiff further states that Dr. Akanno's deposition will likely identify additional parties who will be named as newly discovered defendants, thus resulting in a further amendment to the complaint. (*Id*).

II.     APPLICABLE LAW

Summary judgment is generally only appropriate after a nonmovant has had adequate time for discovery. Rule 56(d) of the Rules of Civil Procedure governs when facts are unavailable to a nonmovant and provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

---

[2] This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 180). The court scheduled a hearing due to defendants' Notice of *Rand* Warning (Doc. No. 181) after plaintiff's counsel filed a motion to withdraw (Doc. No. 176).

3

Fed. R. Civ. P. 56(d). Local Rule 260(b) similarly provides that a party may oppose a summary judgment motion due to the need to conduct further discovery when the motion "provide[s] a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." The party moving under Rule 56(d) bears the burden of demonstrating the requisite basis for relief. *Atay v. Cty. Of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). The purpose of Rule 56(d) is "to prevent a party form being unfairly thrown out of court by a premature motion for summary judgment." *See Jackson v. Riebold*, 815 F.3d 1114, 1121 (9th Cir. 2016) (citations omitted); *see also Burlington Northern Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003). To obtain a Rule 56(d) continuance, the nonmovant "'must file an affidavit affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* (alteration in original) (quotations and citations omitted). The party seeking the additional discovery must demonstrate that the facts sought exist and that they sought-after facts are essential to resist the summary judgment motion. *Id.* Rule 56(d) does not condone a fishing expedition. The party seeking more discovery must also identify documents or specific facts he believes would contradict the opposing side's evidence. *Id.*; *see also Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822 (9th Cir. 2008) (reciting three requirements the non-movant must prove to garner delay or denial of motion for summary judgment under Rule 56(d)); *see also Securities Exchange Commission v. Stein*, 906 F.3d 823, 832 (9th Cir. 2018) (reiterating that mere speculation about outstanding discovery needed is insufficient) *Singh v. American Honda Finance Corporation*, 925 F.3d 1053, 1076 (9th Cir. 2019) (finding no abuse of discretion when district court denied Rule 546(d) motion because non-movant provided only conclusory statements to support more time for discovery) .

The court should consider whether the moving party lacked diligence in pursuing discovery earlier. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.,* 353 F.3d 1125, 1130 (9th Cir. 2004); *Chance v. Pac-Tel Teletrac Inc*., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). If the moving party acted diligently but simply needs additional time to complete discovery, denying his request is an abuse of discretion. *See Noyes v. Kelly Servs.,* 488

1  F.3d 1163, 1174 (9th Cir. 2007) (finding district court improperly denied request for additional
2  discovery where plaintiff had pursued discovery but opposing party caused delays); *Garrett v.*
3  *City and County of San Francisco,* 818 F.2d 1515, 1518-19 (9th Cir. 1987)(finding district court
4  improperly denied motion where plaintiff diligently pursued discovery but was unable to obtain
5  complete responses prior to due date of response to the opposing party's summary judgment
6  motion).

7      III.    ANALYSIS

8      The court finds plaintiff has sustained his burden to warrant a deferment of the pending
9  motions for summary judgement.  As set forth *supra*, counsel for defendants agreed that plaintiff
10  required the deposition of Dr. Akanno to respond to the pending motions for summary judgment.
11  *Supra* at 2 (citing Doc. No. 176-2 at ¶6).  According to attorney Schmidt's declaration, which is
12  accepted the same as an affidavit in this case,[3] ascertaining who compromised the CDCR
13  executive committee that promulgated the policies for treating inmates with Hepatitis-C took an
14  extensive amount of time. (Doc. No. 176-2 at 2).  Counsel reiterated that Dr. Akanno will have
15  knowledge about the polices in place at the time that directly impacted the provision of medical
16  care and treatment for Plaintiff's Hepatitis-C condition, which is at issue in this litigation.  The
17  record reveals that Dr. Akanno is one of the defendants moving for summary judgment and his
18  deposition testimony is essential as a named party.

19      Here, plaintiff exercised diligence and attempted to take the deposition of Dr. Akanno.
20  Delay in Dr. Akanno's deposition was unavoidable due to the Covid-19 pandemic.  Dr. Akanno's
21  on-line deposition was unintelligible due to the mask-wearing requirement posed by the Covid-19
22  pandemic and because Dr. Akanno speaks with a heavy accent.  Because Dr. Akanno's deposition

---

[3] A declaration submitted under penalty of perjury and in compliance with 28 U.S.C. § has full force and effect as an affidavit. *See* Fed. R. Civ. P. 56(c)(4) (providing an affidavit or declaration used to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated); *Villagran-Diaz v. U.S. INS*, 996 F.2d 1229 (9th Cir. 1993) (rejecting argument that declaration could not be accepted in lieu of affidavit when declaration was not executed under oath).  Here, counsel's declaration is compliant with 28 U.S.C. § 1746 as it states counsel "declares under penalty of perjury that foregoing is true and correct."

must be conducted in person, the Covid-19 pandemic has delayed his deposition. (Doc. No. 176-2 at 2; Doc. No. 176-1 at 2). Defendants' respective summary judgment motions are predicated in large part on their contention that no individual CDCR physicians could unilaterally prescribe treatment to an inmate with Hepatitis C without approval from the California Correctional Health Care Services Hepatitis C Virus Oversight Committee. Here, plaintiff has narrowly and adequately identified facts that Dr. Akanno can testify to concerning material facts in this litigation, *e.g.* the policies in place that directly impacted the provision of medical care to plaintiff at the CDCR, who promulgated the policies, and why these policies were promulgated. Plaintiff attempted but was unable to successfully complete Dr. Akanno's deposition due to no fault of plaintiff. Postponing a ruling on defendants' respective summary judgment motions would permit plaintiff to depose Dr. Akanno in person, after the concerns over the Covid-19 pandemic subside and would avoid the "inequitable" result the parties conceded would occur if plaintiff were required to respond to the dispositive motions at this time. (*See* Doc. No. 172 at 2, ¶ 3).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Rule 56(d) motion to delay or defer ruling on the defendants' motions for summary judgment (Doc. No. 186) be **GRANTED** to the extent defendants' respective motions for summary judgment be deferred.

2. Defendants' respective motions for summary judgment (Doc. Nos. 169, 170) be deferred for thirty (30) days following Dr. Akanno's live deposition.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE